# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-3148 FMO (SKx)** | Date | **May 20, 2019** |
|---|---|---|---|
| Title | **Terry Fabricant v. Paramount Payment Systems, <u>et</u> <u>al.</u>** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** **(In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue**

On April 23, Terry Fabricant ("plaintiff") filed a Complaint against Paramount Payment Systems ("Paramount") and Paramount Holding Company LLC ("Paramount Holding") (collectively, "defendants"), on behalf of herself and all others similarly situated, alleging negligent and willful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) ("TCPA"). (<u>See</u> Dkt. 1, Complaint at ¶¶ 38-54). In her Complaint, plaintiff asserts that she is a resident of California, that "Defendant"[1] is "a Florida company[,]" (<u>id.</u> at ¶ 2), and that the court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) because "Plaintiff . . . seeks relief on behalf of a Class, which will result in at least one member belonging to a different state than that of Defendant."[2] Plaintiff alleges that venue is proper because "Defendant does business within the State of California and Plaintiff resides within the County of Los Angeles." (<u>Id.</u> at ¶ 3).

A defendant may be subject to either general or specific personal jurisdiction. <u>See</u> <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 126, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when a defendant's contacts with the forum state are "so continuous and systematic as to render it essentially at home." <u>Id.</u> at 138, 134 S.Ct. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over a nonresident defendant if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate

---

[1] Plaintiff does not clarify to which defendant she refers, or what the citizenship of the other defendant is. (<u>See</u>, <u>generally</u>, Dkt. 1, Complaint at ¶ 2); <u>see</u> <u>also</u> <u>Johnson v. Columbia Props. Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006) ("[An] LLC is a citizen of every state of which its owners/members are citizens."); <u>Hart v. Terminex Int'l</u>, 336 F.3d 541, 544 (7th Cir. 2003) ("There is no such thing as 'a [state name] limited partnership[.]' There are only partners, each of which has one or more citizenships.") (internal quotation marks omitted).

[2] Given that the case was brought under a federal statute, it is unclear why plaintiff asserts subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). (<u>See</u> Dkt. 1, Complaint at ¶ 2).

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-3148 FMO (SKx)** | Date | **May 20, 2019** |
|---|---|---|---|
| Title | **Terry Fabricant v. Paramount Payment Systems, <u>et</u> <u>al.</u>** | | |

some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. <u>See</u> <u>id.</u> The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." <u>Walden v. Fiore</u>, 571 U.S. 277, 284, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." <u>Id.</u>

Plaintiff generally alleges that "Defendant contacted Plaintiff on Plaintiff's cellular telephone . . . in an attempt to solicit Plaintiff to purchase Defendant's services." (Dkt. 1, Complaint at ¶ 10). Plaintiff does not clarify to which defendant she refers. (<u>See</u>, <u>generally</u>, <u>id.</u>). She also does not allege whether there were any specific contacts between either defendant and the state of California, and how her causes of action arise out of or relate to those contacts. (<u>See</u>, <u>generally</u>, Dkt. 1, Complaint); <u>see</u>, <u>e.g.</u>, <u>Abedi v. New Age Med. Clinic PA</u>, 2018 WL 3155618, *4-*5 (E.D. Cal. 2018) (that defendant texted plaintiff's cell phone while she lived in California was insufficient for personal jurisdiction where there was no evidence that defendant knew that it was sending text messages into California). In addition, plaintiff contends that venue is proper under 28 U.S.C. § 1391(b) "because Defendant does business within the State of California and Plaintiff resides within the County of Los Angeles[,]" (Dkt. 1, Complaint at ¶ 3), but it is unclear in which judicial district "a substantial part of the events or omissions giving rise to the claim occurred[,]" 28 U.S.C. § 1391(b)(2), because plaintiff also does not allege any facts showing that the events giving rise to this litigation occurred in this district. (<u>See</u>, <u>generally</u>, Dkt. 1, Complaint).

Accordingly, IT IS ORDERED that, no later than **June 3 2019**, plaintiff shall file a First Amended Complaint addressing the deficiencies noted above. The Order to Show Cause will stand submitted upon the filing of a First Amended Complaint that addresses the issues raised in this Order on or before the date indicated above. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue.** <u>See</u> Fed. R. Civ. P. 41; <u>Baeza v. Baca</u>, 700 F.Appx. 657 (9th Cir. 2017) (upholding dismissal for failure to prosecute); <u>Wolff v. Cal.</u>, 318 F.R.D. 627, 630 (C.D. Cal. 2016) (Rule 41(b) "grants district courts the authority to <u>sua</u> <u>sponte</u> dismiss actions for failure to prosecute or failure to comply with court orders.").

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |